Case 4:06-cv-00682-A Document 12 Filed 12/05/06 Page 1 of 6 PageID 88

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 5 2006
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GUY BERNARD MUNSCH II, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-682-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Guy Bernard Munsch II, TDCJ # 872580, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C. FACTUAL AND PROCEDURAL HISTORY

On April 27, 1999, a jury found Munsch guilty of one count of aggravated sexual assault of

a child and one count of indecency with a child in cause number 067100D in the Criminal District Court of Tarrant County, Texas, and assessed his punishment at 40 and 20 years' confinement, respectively. (Clerk's R. at 69.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on May 24, 2001. *Munsch v. Texas*, No. 2-99-202-CR, slip op. (Tex. App.–Fort Worth May 24, 2001) (not designated for publication). Munsch did not file a timely petition for discretionary review.

On June 23, 2003, Munsch filed a state application for writ of habeas corpus alleging that his trial counsel had been ineffective by failing to timely notify him of the state appellate court's affirmance and his right to file a petition for discretionary review (PDR) and seeking permission to file an out-of-time PDR. Permission was granted by the Texas Court of Criminal Appeals on September 22, 2004. *Ex parte Munsch*, Application No. 59,698-01, slip. op. Thereafter, Munsch filed a PDR, which was refused by the Texas Court of Appeals on June 15, 2005. *Munsch v. Texas*, PDR 1693-04. Munsch asserts that he has filed a third state application for writ of habeas corpus raising the issues presented herein, which remains pending in the Texas Court of Criminal Appeals. *Ex parte Munsch*, Application No. WR-59,698-03.[1] Munsch filed this federal petition for writ of habeas corpus on September 20, 2006.[2] As ordered, Quarterman has filed an answer with supporting brief and documentary exhibits addressing only the issue of limitations, to which Munsch has filed a reply.

---

[1] The state court's case information, *available at* http://www.cca.courts.state.tx, appears to confirm that Munsch has filed a third state habeas application. His second was not relevant to his criminal case.

[2] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

D. Issues

In this petition, Munsch raises five grounds for relief challenging his state convictions. (Petition at 7-8c.)

E. Statute of Limitations

Quarterman argues that Munsch's petition should be dismissed with prejudice because his petition is barred by the statute of limitations. (Resp't Answer at 4-7.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[3] For purposes of this provision, Munsch's conviction became final and the one-year limitations period began to run upon expiration of the time that Munsch had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on June 25, 2001,[4] and closed on June 25, 2002, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Munsch is not entitled to statutory tolling under § 2244(d)(2). His state habeas applications, filed after limitations had already expired, did not operate to toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The fact that Munsch was granted an out-of-time petition for discretionary review as a result of his first state habeas action does not effect the running of the limitations period. *See Salinas v. Dretke*, 354 F.3d 425, 430-31 (5th Cir.), *cert. denied*, 541 U.S. 1032 (2004). Further, the issuance of the mandate by a state court of appeals is of no consequence for purposes of determining the date on which the state court judgment became final under § 2244(d)(1)(A). *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003).

Nor has Munsch demonstrated that he is entitled to tolling as a matter of equity, which is

---

[3] Munsch claims that the statutory exception in subsection (B) applies because the state created an impediment, resulting in the delay in bringing his federal petition in a timely manner, by appointing ineffective counsel. (Pet'r Pro Se Response at 15-16.) The undersigned Magistrate Judge, however, does not see how such appointment impeded the filing of the instant petition. Even if such appointment were considered a sufficient impediment, the impediment was removed at least by June 23, 2003, the date Munsch filed his first state habeas application.

[4] 30 days from the date of the state appellate court's affirmance was June 23, 2001. Because June 23, 2001, was a Saturday, Munsch had until June 25, 2001, to file a petition for discretionary review and until June 25, 2002, of the following year to seek federal habeas relief. *See Salinas v. Dretke*, 354 F.3d 425, 428 (5th Cir.), *cert. denied*, 124 S. Ct. 2099 (2004).

4

available only in "rare and exceptional circumstances" when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is warranted principally "when the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). A petitioner's claim of actual innocence of the crimes of which he has been convicted does not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Nor is mere attorney error or neglect an extraordinary circumstance such that equitable tolling is justified. *See Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002).

Munsch's petition was due on or before June 25, 2002. Accordingly, his petition filed on September 20, 2006, is untimely.

## II. RECOMMENDATION

Munsch's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 26, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 26, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 5, 2006.

CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE