IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN - 9 2007
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| GUY BERNARD MUNSCH II, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | NO. 4:06-CV-682-A |
| § | |
| NATHANIEL QUARTERMAN, § | |
| Director, Texas Department § | |
| of Criminal Justice, § | |
| Correctional Institutions § | |
| Division, § | |
| § | |
| Respondent. § | |

O R D E R

Came on for consideration the above-captioned action wherein Guy Bernard Munsch II ("Munsch") is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division ("Director"), is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On December 5, 2006, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by December 26, 2006. Munsch timely filed written objections to which Director has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or

conclusory objections.  Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

Munsch filed his federal petition for writ of habeas corpus in this court on September 20, 2006, pursuant to 28 U.S.C. § 2254.  The magistrate judge found that the applicable statute of limitations ran on Munsch's petition on June 25, 2002, and thus his petition should be dismissed as time-barred.  Munsch, in turn, makes two specific objections that addresses this finding.

First, Munsch argues that the state-court granting of his out-of-time petition for discretionary review should toll the limitations period for filing his federal habeas petition.  As the magistrate judge indicated in his findings, Salinas v. Dretke, 354 F.2d 425, 430-31 (5th Cir. 2004) is controlling precedent and indicates that such state review does not effect the running of the limitations period for Munsch's federal habeas petition.

Second, Munsch argues that he should be entitled to equitable tolling.  Munsch's arguments for his untimely petition, however, do not rise to the level of a rare and exceptional circumstance beyond a prisoner's control that would have made it impossible to file his petition on time.  See Davis v. Johnson, F.3d 806, 811 (5th Cir. 1998).  The court concludes that because Munsch has failed to meet his burden of establishing entitlement to any equitable tolling, his petition should be dismissed as time-barred.  See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, dismissed with prejudice as time-barred.

SIGNED January 9, 2007.

_____
JOHN McBRYDE
United States District Judge

3